Hon. I. Predecki
County Auditor
Galveston County
Galveston, Texas


Dear Sir:

Opinion No. O-3722
Re:  Section 3 of S.B. 469,
47th Legislature is un-
constitutional.

Your request for opinion has been received and
carefully considered by this department.  We quote from
your request as follows:

"An Act, designated Senate Bill No. 469,
passed at the Regular Session of the 47th
Legislature, was approved by the Governor on
June 10th, 1941, effective January 1st, 1942.
I enclose a copy of this law.

"Section 3 of this Act, provides for the
payment of fines and fees in misdemeanor cases,
jurisdiction of which is transferred to the
County Court of Galveston County, and all fines
and fees paid to be deposited to the credit of
the Road & Bridge Fund.  This Section further
provides that the County Judge and the County
Clerk shall each be allowed the sum of $600.00
per annum, payable in monthly installments, to
be paid out of the Road & Bridge Fund, and same
to be additional compensation to the maximum
now received by said officials out of the
Officers' Salary Fund.  Provision is further
made for an additional deputy clerk at a sal-
ary not to exceed $125.00 per month, and this
is also to be paid out of the Road & Bridge
Fund.

"Your opinion is respectfully requested
with reference to my authority to sign warrants
for the extra compensation to the officials
named in view of the provision in the Officers'

Salary Law enacted at the Second Called
Session of the 44th Legislature, same
being Senate Bill No. 5, Chapter 465.
Section 13 of the Salary Law provides
for the payment of an annual salary in
twelve equal installments not to exceed
the amount received by the officers named
in said Section under laws existing August
24th, 1935. Section 18, paragraph (k), pro-
vides no Officer shall receive any ex-
officio compensation where said Officer is
on a salary basis.

"Kindly advise me with reference to
the above and if the provisions in Senate
Bill No. 469 are not in conflict with the
existing law which provides for their com-
pensation."

Senate Bill 469, 47th Legislature of Texas, reads
in part as follows:

"BE IT ENACTED BY THE LEGISLATURE OF THE
STATE OF TEXAS:
"Section I. That Senate Bill No. 409,
being Chapter 53, page 64 of the Special Laws
of the Regular Session of the 43rd Legislature,
1933, be and it is hereby amended so as to
hereafter read as follows:
"'Section 1. That Articles 52-146, 52-147,
52-148, 52-149, 52-150, 52-151, 52-152, 52-153,
52-154, 52-155, and 52-156, of the Revised
Civil Statutes of Texas, 1925, and Chapter 104
of the Local and Special Laws of Texas passed
at the Regular Session of the 32nd Legislature
relating to and creating the "County Court of
Galveston County at Law" are hereby repealed.

"'Section 2. That the jurisdiction of
the "County Court of Galveston County at Law"
be and it is hereby vested in the County Court
of Galveston County, Texas, and all writs and
process heretofore issued by said "County Court

Hon. I. Predecki, Page 3

of Galveston County at Law" and all writs
and process in misdemeanor cases heretofore
issued by or out of the District Court of
the Tenth Judicial District of Texas be and
the same are hereby made returnable to the
County Court of Galveston County, Texas.____

"'Section 3. All sums received in pay-
ment of fines and fees in all such misdemeanor
cases, the jurisdiction of which is hereby
transferred to the County Court of Galveston
County, shall be paid to and deposited in the
Road and Bridge Fund of said ____ County.
The County Judge and the County Clerk of said
Galveston County shall each be allowed by said
County, to be paid from said Road and Bridge
Fund, the sum of Six Hundred ($600.00) Dollars
per year, payable in equal monthly installments,
as additional compensation for handling said
misdemeanor cases and shall be in addition to
all salaries now being paid to such officers
from the Officers' Salary Fund of said County.
The County Clerk of Galveston County shall
have authority to appoint an additional Deputy
Clerk to handle such misdemeanor cases to be
paid a salary not to exceed One Hundred
Twenty-five ($125.00) Dollars per month by
said County from the Road and Bridge Fund of
said County.'____

"Sec. 4. The fact that misdemeanor
cases can be handled with more dispatch and
more economically in the County Court and
the crowded condition of the calendar create
an emergency and an imperative public necessity
that the Constitutional Rule requiring all
bills to be read on three several days be sus-
pended, and such Rule is suspended, and this
Act shall take effect and be in force from
and after January 1, 1942, and it is so
enacted._____"

Section 22 of Article 5 of our State Constitution,
grants authority to the legislature to increase, diminish

Hon. I. Predecki, Page 4

or change the civil and criminal jurisdiction of county courts by either local or general law. Sections 1 and 2 of the above quoted act are therefore valid.

However, Section 3 of the act providing additional compensation for the county clerk and county judge, and providing for the appointment of an additional deputy clerk and the payment of a salary to such deputy, is clearly unconstitutional as a local or special law attempting to regulate the affairs of a county, and where a general law can be made applicable. Almost the identical procedure was condemned in the case of Duolos vs. Harris County, 251 S. W. 569, affirmed by Supreme Court in 265 S. W. 562. Also see the cases of Altgelt vs. Gutzeit, 187 S. W. 22, affirmed by Supreme Court in 201 S. W. 400; Ward vs. Harris County, 209 S. W. 794; and the recent case of Miller et al vs. El Paso County, 150 S. W. (2d) 1000, (Supreme Court of Texas--Opinion delivered by Chief Justice Alexander).

You are therefore respectfully advised that it is the opinion of this department that Section 3 of the above quoted act is unconstitutional and that you would have no authority to sign or approve warrants for the items mentioned in said section.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By

Wm. J. Fanning
Assistant

APPROVED JUL 9, 1941

FIRST ASSISTANT
ATTORNEY GENERAL

WJF:ff


APPROVED
OPINION
COMMITTEE
BY ___
CHAIRMAN